Dear Mr. Rodenbeck:
You have requested this office to render a legal opinion regarding the following:
 Can an attorney working as an independent contractor pursuant to LSA-R.S. 15:145B(3) hold employment with the Indigent Defender Board as a contract attorney serving in the Alexandria City Court representing indigent defendants in traffic matters and also be employed as an attorney for the State of Louisiana, Department of Social Services?
LSA-R.S. 15:145 defines the powers and duties of a judicial district indigent defender board and pertinently provides:
 § 145. Powers and duties of the judicial district indigent defender boards.
 A. Each district board shall maintain a current panel of volunteer attorneys licensed to practice law in this state and shall additionally maintain a current panel of nonvolunteer attorneys under the age of fifty-five licensed to practice law in this state and residing in the judicial district. The panel of nonvolunteer attorneys shall not include any attorney who has been licensed to practice in this state for thirty or more years.
 B. Each district board shall select one of the following procedures or any combination thereof for providing counsel for indigent defendants:
 (1)(a) Appointment by the court from a list provided by the district board of volunteer attorneys licensed to practice law in this state. In the event of an inadequate number of volunteer attorneys, appointment shall be from a list provided by the district board of nonvolunteer attorneys as provided in Subsection A of this Section. The court may delegate appointing power to the district board.
 (b) All appointments shall be on a successive basis. Deviations from the panel list shall be permitted only to comply with Article 512 of the Code of Criminal Procedure and in exceptional circumstances upon approval of the district board.
 (2)(a) The district board may employ a chief indigent defender and such assistants and supporting personnel as it deems necessary. The chief indigent defender shall be appointed for a period of three years and may not be a member of the board. The salaries of the chief indigent defender and all assistants and supporting personnel shall be fixed by the district board. All employees of the board shall possess such powers and duties as prescribed by the district board and consistent with the Code of Professional Responsibility.
 (b) The chief indigent defender may in the event of conflicts of interest, inadequate personnel or for any other reason approved by the board request that the court appoint counsel to represent indigent defendants pursuant to Section 145 (B)(1).
 (3) The district board may enter into a contract or contracts, on such terms and conditions as it deems advisable, with one or more attorneys licensed to practice law in this state and residing in the judicial district to provide counsel for indigent defendants.
 (4) In a judicial district comprising more than one parish, the board may select the method of providing counsel for indigents on an individual parish basis.
LSA-R.S. 15:145 contemplates employment, appointment, and contract as alternative methods for providing counsel for indigents. Here, you advise the individual in question serves on a contractual basis with the Indigent Defender Board of the Ninth Judicial District. This circumstance removes the position in question from application of the Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq.
As there is only one other position which might fall within the ambit of the Dual Officeholding laws, i.e., the position of state employment with the Department of Social Services, the applicability of said law becomes moot.
Note that his state employer could, as a matter of policy prohibit this individual from serving simultaneously elsewhere; our opinion is limited to the application of the Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams